UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SKANDA GROUP OF INDUSTRIES, LLC, SKANDA HEI, LLC, NAGENDRA KARRI, and CHETNA JHAMB<br><br>*Defendants.* | Civil Action No.: 3:20-CV-00716<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

This is an action for breach of contract and fraud by Plaintiff, Talbot's Pharmaceuticals Family Products, LLC (Dr. Talbot) against Defendants Skanda Group Of Industries, LLC (Skanda I) and its alter egos Skanda HEI, LLC (Skanda II), Nagendra Karri (Karri) and Chetna Jhamb (Jhamb) (collectively Defendants). Upon information and belief, the Defendants are acting as a single business enterprise. This action arises out of Defendants' bait and switch scheme aimed at defrauding Plaintiff of almost $2 million. Plaintiff Dr. Talbot is in the health and wellness industry. When the Corona Virus pandemic struck, Dr. Talbot was approached by buyers and sellers of face masks. Defendants offered to sell Dr. Talbot 1 million KN95 face masks of a specific style for immediate delivery in the United States. On the basis of Defendants' representations and offer regarding the specific style of face mask and immediate delivery, Dr. Talbot secured a customer, Harris County Texas. Dr. Talbot accepted Defendants' offer and paid Defendants $1.8 million in consideration for the sale of 1 million units of the specified KN95 face mask that would be immediately delivered to Harris County Texas. To expedite the delivery, Dr. Talbot paid to air

1

ship the face masks to Texas. Defendants failed to deliver the face masks timely causing Dr. Talbot to lose the Harris County sale. Subsequently, Defendants shipped to Dr. Talbot 750,000 face masks that were not as specified in the order and of an inferior design. Dr. Talbot rejected the shipment, notified Defendants that the goods shipped were not as ordered and demanded return of its $1.65 million payment the 750,000 face masks and expedited shipping charges. Given the bait and switch nature of Defendants' actions, Plaintiff, upon information and belief, contends that Defendants entered into the transaction with the intent of never supplying Dr. Talbot with the specified product or to ship any product immediately but instead intended to deliver much later a different and substantially inferior product thus fraudulently inducing Plaintiff into a transaction that Defendants knew they would never complete. Dr. Talbot seeks damages for Defendants' breach of contract and fraud.

## THE PARTIES

1. Plaintiff, TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC is a Limited Liability Company organized and existing under the laws of the State of Florida with its members having their domicile in the State of Louisiana and having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201. Plaintiff Dr. Talbot is a citizen of the State of Louisiana.

2. Upon information and belief, Defendant, SKANDA GROUP OF INDUSTRIES, LLC is a member managed limited liability company organized and existing under the laws of the State of Louisiana with its two members being domiciled in and citizens of the State of California having its principal place of business at 4301 Ryan Street, Suite 134, Lake Charles, LA 70605, and 2029 Century Park East, Suite 400, Los Angeles, CA 90067 and whose agent for service of process is Legalinc Corporate Services Inc., 8550 United Plaza Blvd., Suite 702, Baton Rouge, Louisiana, 70809. Defendant Skanda I is a citizen of the State of California.

3. Upon information and belief, Defendant, SKANDA HEI, LLC is a member managed limited liability company organized and existing under the laws of the State of California with its two members being domiciled in and citizens of the State of California with its principal place of business at 20940 Community Street, Canoga Park, CA 91304, and whose agent for service of process is Legalinc Corporate Services Inc., Four Embarcadero Center, Suite 1400 #85, San Francisco, CA 94111, (California registration number C3444750). Defendant Skanda II is a citizen of the State of California.

4. Upon information and belief, Defendant Nagendra Karri, is a citizen of California, is a member of Defendants Skanda I and Skanda II and regularly conducts business from 2029 Century Park East, Suite 400, Los Angeles, CA 90067 and 20940 Community Street, Canoga Park, CA 91304. Defendant Karri is a citizen of the State of California.

5. Upon information and belief, Defendant Chetna Jhamb, is a citizen of California, is a member of Defendants Skanda I and Skanda II and regularly conducts business from 2029 Century Park East, Suite 400, Los Angeles, CA 90067 and 20940 Community Street, Canoga Park, CA 91304. Defendant Jhamb is a citizen of the State of California.

6. Upon information and belief, all Defendants operate as a single business enterprise or alter ego of one another in California. Upon information and belief, the ownership, control, administration, business operations, property, finances, employees, contracts, arrangements and dealings of Skanda I and Skanda II are, and were at all relevant times, such that they constitute a single business enterprise. Skanda I and Skanda II are commonly owned and commonly managed. Upon information and belief, Skanda I and Skanda II share common employees and are an excessive fragmentation of a single enterprise into separate corporations. Upon information and belief, Defendants Karri and Jhamb used Skanda I and Skanda II to

perpetrate a fraud against Plaintiff and therefore are the alter ego of Skanda I and Skanda II and therefore all Defendants constitute a single business enterprise.

### NATURE OF THE ACTION, JURISDICTION AND VENUE

7. This is a civil action for breach of contract and fraud. Defendants solicited from California Plaintiff's business in Louisiana. Plaintiff and Defendants entered into an agreement whereby Defendants were to sell and Plaintiff to purchase specified goods, namely a specific style of KN95 face mask, a picture of which is attached to this Complaint as Exhibit 1. The face masks were to be delivered immediately to Plaintiff's customer in Texas from Shenzhen China. Plaintiff agreed to pay for the goods and expedited shipping charges from the State of Louisiana. Later, and after Plaintiff had lost the sale, Defendants eventually and untimely delivered different and unacceptable face masks to Plaintiff in Monroe, Louisiana. Communications between the parties were made between the States of Louisiana and California. Based upon Defendants' failure to deliver the agreed upon goods and failure to deliver any goods timely, Plaintiff seeks damages and all costs of this proceeding.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 as the Plaintiff is a citizen of Louisiana and the Defendants are all citizens of the State of California, therefore the parties are citizens of different states and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over the Defendants because (i) Plaintiff's claims arise in whole or in part out of Defendants' purposeful and intentional conduct in Louisiana and this Judicial District, (ii) Defendants advertise, promote, market, distribute, offer for sale and sell products to residents of Louisiana and are therefore doing business in the State of Louisiana including this Judicial District, (iii) Defendants entered into a contract with Plaintiff in the

State of Louisiana knowing Plaintiff's members are domiciled in the State of Louisiana, and thus this Court has personal jurisdiction over Defendants. Defendants are subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S. § 13:3204, by virtue of the fact that Defendants have availed themselves of the privilege of conducting and soliciting business within this State, such that it would be reasonable for this Court to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

10. Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated in the State of Louisiana and this Judicial District, and the Court has personal jurisdiction over these Defendants.

## STATEMENT OF FACTS

11. Plaintiff is in business as a seller of innovative, high quality, effective and attractive health and wellness products and has its headquarters in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where most of the employees, managers and members are located.

12. Plaintiff entered into a contract with Defendants for the purchase of 1 million face masks as specified in Plaintiff's purchase order and Defendants' pro forma invoice, both attached to this Complaint as Exhibit 2, for the sum of $1.80 per face mask  The parties agreed over the telephone to the specific condition that the face masks would be delivered immediately to Plaintiff's customer, Harris County Texas. Plaintiff paid the full $1.8 million amount in

advance for all 1 million face masks. Defendants failed to deliver the face masks timely to Plaintiff's customer in Texas causing the customer to cancel the entire order.

13. In an effort to mitigate its damages, Plaintiff persuaded the Texas customer to purchase 250,000 face masks. The 250,000 face masks were delivered to the Texas customer and Plaintiff was paid for those 250,000 face masks. Plaintiff has been unable to sell Harris County Texas or any other customer any of the remaining 750,000 face masks.

14. In a further effort to mitigate its damages, Plaintiff found another customer for the remaining 750,000 face masks and instructed Defendants to send immediately the 750,000 face masks to Plaintiff in Monroe, Louisiana so that Plaintiff could process the order and send it to its customer. Defendants failed to deliver the 750,000 face masks timely and Plaintiff's customer cancelled the order for the purchase of the 750,000 face masks. In order to obtain the 750,000 face masks timely, Plaintiff paid in advance for expedited delivery of the 750,000 face masks by air freight from Shenzhen, China at a significant additional cost. Despite paying for expedited delivery, Defendants failed to timely deliver the 750,000 face masks to Plaintiff.

15. When the 750,000 face masks were ultimately delivered to Plaintiff in Monroe, Louisiana, Plaintiff learned upon inspection that the face masks delivered were not the face masks Plaintiff had ordered and Defendants had agreed to sell Plaintiff. The face masks Defendants delivered were an inferior face mask that Plaintiff had expressly rejected in favor of the KN95 face mask as depicted in the images attached as Exhibit 1. The face mask depicted in the attachment is a standard size face mask.

16. Defendants not only delivered face masks that were of a different style from the face masks Plaintiff ordered, Defendants also delivered a substantial quantity of face masks that were of a much smaller size, and therefore inferior to the standard size face mask Plaintiff ordered.

17. Immediately upon delivery of the unspecified 750,000 face masks Plaintiff's representative and agent, Joseph H. Hakim, immediately contacted Defendants via telephone and e-mail rejecting the delivery, tendering the face masks back to Defendants, and demanded Defendants refund the money paid to Defendants plus the cost of the air freight.  Plaintiff informed Defendants that Defendants not only intentionally and fraudulently sent a style of face mask that Defendants previously offered to Plaintiff and Plaintiff expressly rejected but sent a non-standard size face mask.  Defendants knew full well that the 750,000 face masks they untimely delivered to Plaintiff were not in fact what Plaintiff ordered.  To date, Defendants have not refunded any money to Plaintiff or done anything other than to take token steps to remedy their breach of contract and fraudulent conduct.

18. Upon information and belief, at the time Defendants offered to sell Plaintiff face masks, they knew that they could only deliver one style of face mask and not the style of face mask Plaintiff ordered.  Despite knowing that they could only deliver one style of face mask different from what Plaintiff ordered, Defendants deliberately and intentionally offered Plaintiff multiple different styles of face masks all in a standard size.  Plaintiff selected what it understood was a high quality standard size face mask, informed Defendants of its choice, and expressly rejected the other styles including the style that Defendants ultimately delivered to Plaintiff in Monroe, Louisiana.  Knowing that they would not deliver the face mask Plaintiff agreed to purchase, Defendants falsely promised to deliver the face mask as depicted in Exhibit 1 knowing that they would not timely deliver the face masks ordered but would deliver at a much later time another different and inferior face mask.

19. Despite its best efforts, Plaintiff has not been able to sell the 750,000 face masks Defendants delivered and Plaintiff rejected, with the result that Plaintiff has suffered a total loss of what it

paid Defendants for those 750,000 face masks, namely $1,350,000 plus the cost of freight of the face masks figured at $0.40 per face mask, for the additional sum of $300,000.

20. Even after mitigating its damages, Plaintiff has also suffered the lost benefit of its bargain. Had Defendants timely delivered the face masks Plaintiff ordered, Plaintiff would have sold the 1 million face masks for which it had a contract instead of selling only 250,000 face masks. As a result of Defendants' failure to deliver timely the face masks Plaintiff ordered, Plaintiff lost the sale of 750,000 face masks at $2.95 per face mask for the sum of $2,212,500 over billed cost of goods ($1.35 million) and freight ($300,000). Thus, Plaintiff lost a profit of $562,500 or $0.75 cents per face mask. Plaintiff claims additional damages against these Defendants in the amount of $562,500 for its lost profit, with legal interest thereon until paid and for all costs of this proceeding.

21. Defendants took advantage of the COVID-19 pandemic knowing that buyers were in desperate need for face masks and, with fraudulent intent, Defendants untimely delivered to Plaintiff face masks that they knew Plaintiff did not want, and knew or should have known that Plaintiff would not be able to sell, in order to enrich themselves at Plaintiff's expense. As a result of Defendants' fraudulent conduct, Plaintiff has been forced to file this lawsuit and incur attorneys' fees and expenses, with the result that Plaintiff is entitled to a Judgment against the Defendants for its damages, lost profits, attorneys' fees, expenses and all associated costs incurred due to the aforesaid behavior of the Defendants in addition to all other claims set forth herein.

## CLAIM I – BREACH OF CONTRACT

22. Plaintiff incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

23. Plaintiff entered into an enforceable agreement with Defendants for the purchase and immediate delivery of 1 million standard size face masks as specified in Exhibit 1. Plaintiff agreed to pay Defendants $1.8 million plus the cost of air freight to deliver immediately the 1 million face masks to Harris County Texas. In consideration for Plaintiff's payment, Defendants agreed to deliver immediately to Harris County Texas the 1 million face masks described in Exhibit 1 hereto.

24. Defendants failed to deliver timely any face masks thus breaching their agreement with Plaintiff causing Plaintiff to lose its sale to Harris County Texas

25. In mitigation of its damages, Plaintiff was later able to sell 250,000 face masks to Harris County Texas.

26. Long after Defendants' promised immediate delivery of the face masks Plaintiff agreed to purchase, Defendants delivered to Plaintiff in Monroe, Louisiana, 750,000 face masks that were not what Plaintiff had agreed to purchase or what Defendants had agreed to deliver. The 750,000 face masks delivered to Plaintiff were inferior to the ones Plaintiff had agreed to purchase and Defendants had agreed to deliver. In addition, a substantial portion of the face masks delivered to Plaintiff were of a sub-standard size and not proper for their intended use. Defendants failure to deliver any face masks timely and untimely delivery of 750,000 face masks that were not what Plaintiff had agreed to purchase or what Defendants had agreed to deliver were breaches of Defendants' agreement with Plaintiff.

27. As a result of Defendants' breaches, Plaintiff suffered damages, including but not limited to, Plaintiff's payment for 750,000 face masks it paid for but did not order or receive, payments for expedited shipping and the lost profit from the sale of 750,000 face masks.

## CLAIM II – FRAUD

28. Plaintiff incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

29. Defendants, acting as a single business enterprise through the agency of Defendants Karri and Jhamb, on numerous occasions using telephone and email communications represented to Plaintiff's agent, Joseph H. Hakim, that Defendants could immediately deliver 1 million standard KN95 face masks to Plaintiff's designated location in the United States. Defendants offered Plaintiff four different face mask styles.  The style Plaintiff selected and agreed to purchase, and that Defendants agreed to immediately deliver, is depicted in Exhibit 1 attached to this Complaint.

30. Defendants knew that the style of the face mask and timely immediate delivery were material to Plaintiff's entering into the contract with Defendants.  At the time Defendants made these material representations to Plaintiff, they were false.  At the time Defendants made these false representations to Plaintiff, they knew they were false, or they were made in reckless disregard for the truth, as Defendants knew they were not going to immediately deliver any face masks to Plaintiff and they knew they were never going to supply the specific style of the face mask that Plaintiff agreed to purchase.

31. Defendants made these false representations to Plaintiff for the purpose of inducing Plaintiff to enter into a contract for the purchase of 1 million face masks and to pay for those face masks in advance of delivery.  Relying on Defendants representations that they would immediately deliver 1 million standard face masks of the style depicted in Exhibit 1 to a designated location in the United States, Plaintiff entered into a purchase agreement with Defendants, as reflected in Plaintiff's purchase order and Defendants' pro forma

invoice attached to this Complaint as Exhibit 2, whereby Plaintiff agreed to pay and did pay Defendants $1.8 million plus air freight costs. Plaintiff's reliance on Defendants' representations was reasonable as it is customary in the industry to rely on a seller's representations with regard to the product sold and time of delivery.

32. Defendants false representations were made with the fraudulent intent of deceiving Plaintiff into paying Defendants over $1.8 million.

33. As a direct consequence and result of Defendants' false representations and fraud, Plaintiff paid Defendants over $1.35 million, for goods it has not received and as a consequence Plaintiff has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendants and grant the following relief:

A    For judgment awarding actual damages to Plaintiff as proven at trial of this action including its damages, lost profits, attorneys' fees and expenses, together with legal interest from date of judicial demand until paid and all costs of this lawsuit.

B.    For judgment awarding such other and further relief to which Plaintiff is entitled or the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff's demand trial by jury in this action of all issues so triable.

Respectfully submitted this 5th day of June 2020,

                <u>/s/ Robert M. Chiaviello, Jr.</u>
                Joe D. Guerriero, Esq.
                Louisiana State Bar No. 06391
                joed@nuby.com

Telephone: (318) 338-3603
Robert M. Chiaviello, Jr., Esq.
Louisiana State Bar No. 37370
bobc@nuby.com
Telephone: (318) 410-4012
3030 Aurora Ave., 2nd Floor
Monroe, Louisiana 71201
Facsimile: (318) 388-5892
*Counsel for Plaintiff, Talbot's Pharmaceuticals Family Products, LLC*

# EXHIBIT 1







# EXHIBIT 2



# MANUFACTURER PURCHASE ORDER

**Agent: Talbot's Pharmaceuticals Family Products** Skanda Group of Industires LLC.

3030 AURORA AVENUE 2ND FLOOR
MONROE, LA 71203 USA

Number: **671Skan-02**
Date: **04/08/2020**

Customer PO #:
Req. Ship Date: **04/12/2020**

Dr. Talbot's Pharmaceutical Family Products, LLC
Abe Hakim
P O Box 6050
3030 AURORA AVENUE 2ND FLOOR
MONROE, LA 71203 USA
PHONE: 318-388-4916

Ship Date: **04/12/2020**
Ship Via: **Air**
Ship Requirements: **FCL**
Freight Terms: **FOB PORT**

Notes:

| Description | Quantity | Price | Subtotal |
|---|---|---|---|
| KN95_02_Mask - Respirator Mask Model: KAXKF95 | 1000000 | 1.8000 | 1800000.00 |
| | | Total: | $1800000.00 |



**SKANDA** GROUP OF INDUSTRIES

Skanda Group of Industries LLC.　　Tax ID No: 82-2599667

**BILL FROM**

Skanda Group of Industries LLC.
2029 Century Park East Suite 400
Los Angeles California 90067.

Contact in China.
**Mrs. Lisa Pan**
(Chinese name: Pan Ninghua)
Tel: +86 134 2288 1137
Email: Lpan@skandagrp.com

**BILL TO**

Kind Attn: Joseph Hakim
Talbot's Pharmaceuticals Family Products LLC.
3030 Aurora Ave.
Monroe, LA 71201.

**PERFORMA INVOICE**

Invoice no # SG1010

Invoice Date: April 06, 2020
Due Date: April 07, 2020

| ID | DESCRIPTION | QTY | PRICE | TOTAL |
|---|---|---|---|---|
| 01 | KN95 Respirator Mask, Model: KAX-KF95 | 1,000,000 | $1.80* | $1,800,000.00 |
|  | 50pcs = 1 Box, total – 20,000 Boxes |  |  |  |
|  | One Carton – 10 Boxes, Total 2000 cartons |  |  |  |
|  | Carton size: 67 cm × 37 cm × 32 cm |  |  |  |
|  | Gross weight : 5.93 kg/Carton, Total weight : 11,860 Kg. |  |  |  |
|  |  |  | **Sub Total** | $1,800,000.00 |
|  |  |  | **Sales Tax --** | -- |
|  |  |  | **Shipping & Handling** | NA |
|  |  |  | **Total** | $1,800,000.00 |

***TERMS AND CONDITIONS**

100% Payment against the Invoice.
Invoice for goods is FOB Shenzhen Airport.

**PLEASE MAKE A PAYMENT TO**

Beneficiary Name: Skanda Group of Industries
Beneficiary Account Number: **610770635**
Routing Number: **021000021**
Bank Name and Address: Chase Bank Ltd.
5794 Lindero Canyon Rd, Westlake Village, Los Angeles Ca 91362.

**Thank you for your business!**

19